IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AUDREY DAILY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:08-00481-KD-B |
| | ) |
| **UNIVERSITY OF SOUTH ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

This matter is before the Court on Defendant University of South Alabama's ("USA")'s Motion for Summary Judgment (Docs. 29, 33) and Plaintiff Audrey Dailey ("Dailey")'s Opposition (Docs. 31, 32). For the reasons set forth herein, Defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED** and Plaintiff's claims are **DISMISSED**.

**I.   Background**

Plaintiff Dailey initiated this lawsuit by filing a complaint in this Court on August 18, 2008 (Doc. 1). The single-count complaint alleges a violation of Dailey's rights pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et seq ("FMLA"). (Id.) This Court's jurisdiction obtains pursuant to 42 U.S.C. § 1331. (Id., Doc. 4).

Specifically, Dailey alleges that she was employed by USA during May, 2007 and that during that time her husband was hospitalized with a severe illness. (Doc. 1). Dailey claims that when she "requested leave from her supervisor to assist her husband she was told by USA she was terminated, and was falsely accused of theft." (Id.) Dailey's complaint also alleges that she "was terminated on or about May 23, 2007." (Id.) Dailey claims that her termination violated the FMLA and that she suffered damages as a result. (Id.)

In its motion for summary judgment, USA denies having violated Dailey's FMLA rights. USA contends that Dailey lacks standing to bring the FMLA claim alleged because at the time she made her alleged FMLA request, she was no longer employed by USA. (Doc. 4, Doc. 29-1). USA also argues that the undisputed evidence shows that Dailey never requested FMLA leave at all. (Id.). Finally, USA claims that there is no causal relation between any leave request Dailey allegedly made and her termination. (Id.)

## II.     Summary Judgment Standard

Summary judgment should be granted only if "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).[1] The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment also always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary

---

[1] Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56 (c).

judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted). The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dep't of Children & Family Serv., 358 F.3d 804, 809 (11th Cir. 2004), cert. den., 534 U.S. 1081 (2005).

### III. Findings of Fact

Dailey was absent from work on Thursday, May 17, 2007, for vacation, and on Friday, May 18, 2007, on sick leave. (See Doc. 29, Exh. A, Pl.'s Dep. Transcript 98:13-99:12). Plaintiff's husband was hospitalized on May 21, 2007, and he was not discharged from the hospital until May 24, 2007. (Id. at 139:16-18, 136:19-137:19).

Maintenance Superintendent Kenny Davis was plaintiff's supervisor. Mr. Davis notified Dailey, by a letter dated May 21, 2007, that she was terminated "effective immediately" citing evidence that Dailey had committed theft of USA property. (See id. at 105:13-106:2; Pl.'s Dep. Exh. 36, Letter from Maintenance Superintendent Kenny Davis to Audrey A. Dailey (May 21, 2007) ("the letter")). It is not disputed that Dailey received this letter; the date of receipt was sometime after May 24, 2007.

At approximately 9:30 in the evening on May 21, 2007, Dailey called "Assistant Superintendent James Williams to report of her [h]usband's [having] been [a]dmitted to [the]

[h]ospital." (See id. at Pl.'s Dep. Exh. 32, Audrey Dailey's Statement of March 23, 2007; see also Doc. 29, Exh. A, Pl.'s Dep. Transcript at 122:4-125:18). Mr. Williams did not tell Dailey that she had been fired when Dailey called in on May 21, 2007. (Id. at 118: 4-5). Dailey's time card for the period encompassing May 21, 2007, indicates "Terminated as of 5/21/07." (Doc. 31 at 16).

On July 12, 2007 Dailey filed a Charge of Discrimination with the Equal Employment Opportunity commission claiming that she was terminated by USA on May 21, 2007, because she had previously complained of racial and sex-based discrimination.[2] (See Doc. 29, Exh. A, Pl.'s Dep. Exh. 42; EEOC Charge of Discrimination ("Discrimination Charge")).

In Dailey's response in opposition to the motion for summary judgment she states "that she was indeed fired on May 21, 2007" and that "firing Ms[.] Dailey on May 21, 2007 on day[-]shift gave her no time to inform USA that she needed medical leave, [a]s Ms[.] Dailey worked night[]shift, and did report her situation to [the] night-shift ass[istan]t superintendent." (Doc. 32 at 3). She reiterated: "[a]gain Ms[.] Dailey was fired on the day-shift, reported on [the] night[-]shift (9:30 pm to 6 o'clock [a]m shift)." (Id.).

Dailey stated that she does not believe that her leave requests caused her termination. Specifically, when asked during her April 4, 2009 deposition, "Do you connect any of your leave request[s] to why you were terminated," Dailey repeatedly answered, "No." (Pl.'s Dep. Transcript 110:8-10, 112: 14-23).

---

[2]Plaintiff signed the discrimination charge on July 12, 2007 under penalty of perjury. (Id. at Pl.'s Dep. Transcript 118:13-120:120).

**IV.     Conclusions of Law**

"[A]ny eligible employee" can sue an employer who violates the FMLA.  However, in order "[t]o state a claim under the FMLA, a plaintiff must prove [that]: (1) [s]he availed [her]self of a protected right under the FMLA, (2) [s]he suffered an adverse employment decision, and (3) there is a causal connection between the protected activity and the adverse employment decision." Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001).  Upon "summary judgment, however, the employee must raise only a material issue of fact, which [s]he may generate through reasonable inferences [] regarding each element of [her] claim." Id.

USA does not dispute that Dailey's termination by USA constitutes an adverse employment decision.  (See Doc. 29-1).  However, they argue as a foundational matter that Dailey has failed to provide any evidence that she is an "eligible employee" with standing to bring an FMLA claim and that Dailey has not provided any evidentiary support for the remaining elements of her case.

**1.     Plaintiff lacks standing because she is not an "eligible employee" under the FMLA**

The Eleventh Circuit has held that "the right to take [FMLA] leave . . . obviously cannot be exercised after the termination of an employment relationship." Smith v. Bellsouth Telecomms., 273 F.3d 1303, 1313 (11th Cir. 2001).  A number of other federal courts have reached the same conclusion.  See e.g., Brohms v. JH Props., Inc., 149 F.3d 517, 523 (6th Cir. 1998) (plaintiff could not be considered an "eligible employee" within the statute's meaning because he "offer[ed] no evidence that he requested medical leave while he was employed by the [defendant, and, thus t]he district court properly dismissed [plaintiff's FMLA] claim"); Green v. Burton Rubber Processing,

5

Inc., No. 00-5475, 2002 WL 261821, at * 4 (6th Cir. Feb. 21, 2002) (affirming summary judgment on plaintiff's FMLA claims because "[o]nce [plaintiff] was discharged, he was no longer an employee, and he was thus not entitled to leave under the FMLA").  This is so because

> the statutory language implicitly limits the scope of any violation to interactions between individuals sharing an employer-employee relationship at the time of the alleged violation.  Thus, the date of an individual's employment termination after return from leave would be the latest date on which an FMLA violation against that person could occur.

Wenzlaff v. Nationsbank, 940 F. Supp. 889, 892 (D. Md. 1996).  The fact that a plaintiff is terminated while away from work but before he or she requests FMLA leave does not affect this conclusion—such an individual is not an "eligible employee" within the statute's meaning.  See Pesok v. Hebrew Union Coll.-Jewish Inst. of Religion, 235 F. Supp. 2d 281, 289-90 (S.D.N.Y. 2000) (the plaintiff failed to state an FMLA claim because he gave notice of his intention to take protected leave only after the defendant terminated him, despite the fact that the plaintiff was terminated for failure to report to work following leave).

The record evidence shows that Dailey was fired by Kenny Davis on the day-shift on May 21, 2007, before she allegedly called James Williams and informed him of her husband's condition at 9:30 p.m on May 21, 2007.  Dailey's contention that "no one told her" she had been fired until Thursday, May 24, 2007, is irrelevant.  It has not been refuted that the employee-employer relationship ended on May 21, 2007.  Accordingly, this Court concludes that there is insufficient evidence that Dailey was an "eligible employee" within the meaning of the FMLA and, as a result, Dailey lacks standing to bring the instant claim.

**2.      There is no evidence of a causal link between the alleged request and Dailey's discharge**

To prevail plaintiff must also prove a causal connection between her request for FMLA leave[3] and her termination. See Wascura, 257 F.3d at 1248. Again, the evidence is that Dailey was terminated prior to her 9:30 p.m. call on May 21, 2009. Accordingly, it is not possible that the termination was causally related to Dailey's FMLA request. See Brungart v. Bellsouth Telecomms., Inc., 231 F.3d 791, 799-800 (11th Cir. 2000) (the defendant is entitled to summary judgment for lack of proof of a causal connection when the evidence is not refuted that the decision to fire was made without knowledge of a pending FMLA request). Moreover, Dailey admitted during her deposition that she does not believe that her leave requests caused her termination. Indeed, the Discrimination Charge Dailey filed attributes her firing to retaliation based on complaints of racial and sex-based discrimination rather than to her request for FMLA leave.

**3.      Plaintiff's FMLA claim is the only claims at stake in this lawsuit**

USA maintains that it fired Dailey on May 21, 2007, for a food tray theft that occurred on May 1, 2007. (See Doc. 29-1; Pl.'s Dep. Transcript 102:4-15). Dailey vehemently denies that she stole anything from USA and offers proof of her position. However, the sole question raised in this lawsuit is whether Dailey was terminated as a result of her attempt to assert FMLA rights. The Court concludes that Dailey lacks standing to bring an FMLA claim against USA and that her FMLA claim lacks merit. The Court will not address whether USA had legitimate grounds to terminate

---

[3] The court assumes, without finding, that plaintiff provided sufficient information in her 9:30 p.m.call on May 21, 2007, to put USA on notice of a potential FMLA request. See Cooper v. Fulton County, Ga., 458 F.3d 1282, 1286 (11th Cir. 2006) (quoting Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005)) ("where an employee's need for FMLA leave is unforeseeable, the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason").

Dailey or whether USA mistakenly determined that Dailey was involved in the theft of University property. This is because these issues are unrelated to the FMLA claim, the only claim asserted in the plaintiff's complaint.

**IV.    Conclusion**

USA's Motion for Summary Judgment (Doc. 29) is hereby **GRANTED** and Dailey's claims are hereby **DISMISSED**.

A Judgment consistent with the terms of this order shall issue contemporaneously herewith.

DONE this the 12th day of November, 2009.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE